UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ROYAL,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration<br><br>　　　　　　　　　Defendant. | Case No. 21-cv-1612-BAS-LR<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY'S FEES AND EXPENSES (ECF No. 26)** |

　　　　On September 15, 2021, Plaintiff Cynthia Royal ("Plaintiff") filed a complaint against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Defendant"), seeking judicial review of Defendant's decision to deny Plaintiff disability insurance benefits under 42 U.S.C. § 423. (Compl., ECF No. 1.) Plaintiff moved for summary judgment on June 24, 2022, seeking a remand for a new hearing and decision. (ECF No. 15.) In response, Defendant cross-moved for summary judgment, requesting that the Court uphold Defendant's decision. (ECF No. 19.) The Court then referred this matter to United States Magistrate Judge Lupe Rodriguez, Jr., who issued a Report and Recommendation ("R&R") on January 23, 2023, recommending that Plaintiff's motion for summary judgment be granted, that Defendant's cross-motion be denied, and that the

matter be remanded for further administrative proceedings. (R&R, ECF No. 22.) This Court adopted the R&R in its entirety on February 14, 2023. (Order, ECF No. 24.)

Now before the Court is a joint motion to award Plaintiff attorney fees in the amount of $7,900 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $402 in costs under 28 U.S.C. § 1920. (Joint Mot., ECF No. 26.) The Joint Motion is brought as a stipulation of a compromise settlement between the parties regarding Plaintiff's request for attorney fees and costs, and is accordingly unopposed. (*Id.*) For the foregoing reasons, the Court **GRANTS** the Joint Motion and awards Plaintiff attorney fees and expenses in the amount of $7,900, as well as costs in the amount of $402.

## I.    ANALYSIS

When tasked with assessing a request for an award of attorney fees and costs under the EAJA, courts generally deploy a two-pronged inquiry. First, courts inquire whether the EAJA warrants such an award under the particular facts and circumstances. Assuming an award of fees and costs comports with the EAJA, courts next assess whether the amount of the proposed award is reasonable. *See Pham v. Berryhill*, No. 15-cv-2107-BAS (DHB), 2018 WL 1336282, at *1 (S.D. Cal. Mar. 15, 2018); *Torquato v. Saul*, No. 17-cv-2127-BAS-NLS, 2020 WL 2849947, at *1 (S.D. Cal. June 2, 2020); *Larson v. Kijakazi*, No. 20-cv-1926-BAS-AHG, 2022 WL 848317, at *1 (S.D. Cal. Mar. 21, 2022).

### A.    An Award of Attorney Fees and Costs Comports With the EAJA

The EAJA provides that "a court shall award a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, to be eligible for attorney's fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the Government's position must not have been "substantially justified"; and (3) no special circumstances can exist that make an award of attorney's fees unjust. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When determining whether the Government's position was substantially justified, the court considers "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The Government's position must be, "as a whole, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (emphasis omitted). It also "must be substantially justified at each stage of the proceedings." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (internal quotation marks omitted). "[D]istrict courts should focus on whether the [G]overnment's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1990)). "It is the [G]overnment's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez*, 274 F.3d at 1258.

There is no doubt Plaintiff is the prevailing party: she demonstrated the Administrative Law Judge committed legal error in evaluating the medical opinion evidence available in the administrative record and, therefore, successfully moved to remand the instant matter to the Social Security Administration for further development of the record. (*See* R&R at 12.) Nor does Defendant carry its burden in demonstrating either that its position was "substantially justified" or an award of attorney fees under the circumstances would be "unjust." *See Gutierrez*, 274 F.3d at 1258 (holding burden rests with Government to demonstrate an award under the EAJA is unwarranted). Indeed, Defendant effectively concedes its position had no reasonable basis in law and fact, and that there no special circumstances exist that would make the award of attorney's fees and costs here unjust. Therefore, an award of attorney fees and costs under the EAJA is appropriate in this case.

### B. The Amount Sought is Reasonable

In assessing the reasonableness of attorney fees, courts should apply the lodestar method. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The court calculates the number of hours reasonably expended on the case—cutting any excessive, redundant, or unnecessary hours—and multiplies those hours by a reasonable hourly rate. *Id.* Generally, the court should defer to the winning lawyer's professional judgment as to how much time was required for the case. *Id.*: *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[A]fter all, [the winning lawyer] won, and might not have, had he [or she] been more of a slacker.").

Here, the parties also have reached an agreement as to the amount of fees, and presumably stipulate to the fees' reasonableness. The Court agrees. Per Plaintiff's retention agreement, Plaintiff's attorney was to receive up to twenty-five percent of Plaintiff's past due benefits, if Plaintiff's case was successful. (ECF No. 26-2.) In light of these considerations, the agreed-upon $7,900 in attorney fees and expenses, $400.00 in costs, appears reasonable. The Joint Motion provides additional terms regarding making the fees payable to Plaintiff to be assigned to her attorney and addresses offsets allowed under the United States Department of the Treasury's Offset Program. Additionally, the Joint Motion states, "Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Government shall cause the payment of fees and expenses to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff." (Joint Mot. at 3.) Given the parties have compromised to come to these terms, the Court finds these additional terms reasonable.

//
//
//
//
//

## II.   CONCLUSION & ORDER

The Court finds Plaintiff, as the prevailing party, is entitled to fees in this case and that the requested fees and terms are reasonable. Therefore, the Court **GRANTS** the Joint Motion (ECF No. 26), and awards Plaintiff attorney fees and expenses in the amount of $7,900.00, and costs in the amount of $402.00.

**IT IS SO ORDERED.**

DATED: March 15, 2023

Hon. Cynthia Bashant
United States District Judge